**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LARRY L. BRYSON,<br>Plaintiff,<br>vs.<br>EQUIFAX INFORMATION SERVICES, LLC, *et al.*,<br>Defendants. | Case No.: 2:25-cv-01568-GMN-NJK<br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendant Experian Information Solutions, Inc. ("Experian"). Plaintiff Larry Bryson filed a Response, (ECF No. 23), to which Experian filed a Reply, (ECF No. 24). Next pending before the Court is the Motion to Dismiss, (ECF No. 17), filed by Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"). Plaintiff did not file a response.

For the reasons discussed below, the Court GRANTS both Motions to Dismiss and dismisses this case with prejudice.

## I. <u>BACKGROUND</u>

Plaintiff, Larry Bryson, brings this action against Experian, Equifax, and Trans Union, the "Big Three" national leaders in consumer reporting, alleging that the three companies reported and continue to report inaccurate and harmful information concerning Plaintiff. (*See generally* Compl., ECF No. 1). Plaintiff contends that while he previously owed debts to U.S. Bank, Citibank, Bank of America, and Ford Motor Credit, such debts were properly assigned to the United States government. (*Id.* ¶¶ 10–12). Plaintiff further contends that Defendants failed to remove the outstanding debts from their reports after receiving notice of their assignment. (*Id.* ¶¶ 13–15). Plaintiff maintains that because of the Defendants' allegedly false reporting

Plaintiff suffered denial of further lines of credit, reduction of existing credit lines, lowered credit score and loss of creditworthiness, damage to personal and professional reputation, and unnecessary emotional distress. (*Id.* ¶ 17). Based on those allegations, Plaintiff now asserts claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e–i(a)(5), violation of the Nevada Deceptive Trade Practices Act, and defamation under Nevada law. (*Id.* ¶¶ 19–41).

## II. <u>LEGAL STANDARD</u>

### A. Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendants now move to dismiss all claims asserted against them. (*See generally* Experian Mot. Dismiss, ECF No. 15); (*see generally* Equifax and Trans Union Joint Mot. Dismiss, ECF No. 17). Both motions argue that Plaintiff fails to state a claim upon which relief can be granted because the complaint (1) alleges insufficient facts to support a finding of inaccuracy in the underlying reports, and (2) fails to put forward a cognizable legal theory of liability. (*See generally* Experian Mot. Dismiss); (*see generally* Equifax and Trans Union Joint Mot. Dismiss). The Court therefore addresses the two motions jointly by claim.

### A. Failure to Conduct Reasonable Reinvestigation into Credit Reports

Plaintiff's first claim alleges that Defendants violated the FCRA by neglecting to conduct a reasonable reinvestigation after Plaintiff notified them that information they had published regarding Plaintiff's accounts was inaccurate. (*See* Compl. ¶ 21).

When a consumer disputes the accuracy of their file, the FCRA requires agencies to undertake a "reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To state a claim for failure to investigate under § 1681i(a), a plaintiff must show that: (1) the plaintiff's credit file contains inaccurate or incomplete information; (2) the plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information; (3) the plaintiff's dispute is not frivolous or irrelevant; (4) the credit reporting agency failed to respond to the plaintiff's dispute; (5) the failure to reinvestigate caused the consumer to suffer damages; and (6) actual damages resulted to the plaintiff. *Thomas v. Trans Union, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002).

Plaintiff fails the first element of this test by failing to allege facts demonstrating that any of his credit files were inaccurate or incomplete. Underpinning each of Plaintiff's claims is his insistence that his outstanding debts included in Defendants' credit reports were in fact assigned to the United States. (Compl. ¶ 11). In support of this assertion, Plaintiff conclusorily states that the indebted accounts were "duly assigned to the account of the United States pursuant to 50 U.S.C. § 4305(b)(2)." (*Id.*). However, that statute, the Trading with the Enemy Act ("TWEA"), vests the President with authority to regulate financial transactions in times of war. *See* 50 U.S.C. § 4305 *et seq.* Plaintiff seems to maintain that the TWEA enables him to unilaterally transfer indebted accounts to the United States; however, the TWEA governs transactions with entities that are classified as enemies of the state, and nothing in the act purports to enable such a transfer. *Id.*; *see also Tokarz v. Mortg. Elec. Registration Sys., Inc.*, No. 0:17–cv–01022, 2017 WL 8944022, at *5 (D. Minn. Aug. 24, 2017) (recommending dismissal for a similar claim and noting that "[n]othing in the [TWEA] . . . permits a borrower to unilaterally transfer [their] obligation to pay back a loan to the United States government"), *report and recommendation adopted*, No. 17-cv-1022 (WMW/KMM), 2017 WL 5564557 (D. Minn. Nov. 17, 2017). Therefore, Plaintiff alleges no feasible basis on which his indebted accounts could have been assigned and thus, as a matter of law, fails to show that his credit reports furnished by Defendants are or were incorrect.

Indeed, there is evidence that at least some of the Defendants attempted in good faith to further investigate Plaintiff's notices. Plaintiff concedes that Trans Union responded to Plaintiff's notice, conducted its own investigation into the account and verified that the information was correct. (*See* Defendants' Correspondences at 2–12, Ex. B to Compl., ECF No. 1). Further, Plaintiff acknowledges that Defendant Equifax responded to Plaintiff's notice by requesting further information in order to identify Plaintiff's account. (*See id.* at 1).

Accordingly, Plaintiff has failed to state a claim for relief under § 1681(i)(a). The Court

further finds that leave to amend would be futile because Plaintiff's explanation for the inaccuracy of his accounts is premised on facially invalid transfers of indebted accounts from himself to the United States government. Accordingly, the Court GRANTS Defendants' Motions to Dismiss this claim with prejudice.

**B. Failure to Assure Maximum Possible Accuracy of Credit Reports**

Plaintiff's second claim alleges that Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the credit reporting as required by 15 U.S.C. § 1681e(b). (*See* Compl. ¶ 25).

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). . To state a claim for violation of § 1681e(b), a plaintiff must first present evidence showing that a report prepared by a credit reporting agency contains inaccurate information. *Taylor v. First Advantage Background Services Corp.*, 207 F.Supp.3d 1095, 1101 (N. D. Cal. 2016). However, "the FCRA does not impose strict liability." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir.1995). Rather, "an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." *Id.*

Here, as with his first claim, Plaintiff fails to allege any facts demonstrating that any report prepared by Defendants was inaccurate. He again relies on his theory of assignment under TWEA, which, as discussed above, is invalid. Thus, he has failed to state a claim for relief under § 1681e(b), and because no amendment could cure the invalidity of Plaintiff's purported assignment under TWEA, the Court GRANTS Defendants' Motion to Dismiss this claim with prejudice.

/ / /

**C. Failure to Delete Inaccurate or Unverifiable Information**

Plaintiff's third claim alleges that Defendants violated 15 U.S.C. § 1681i(a)(5) because they "could not verify or substantiate" that Plaintiff remained liable for the indebted accounts published in their reports. (Compl. ¶ 29).

The FCRA states that if any information on a consumer credit report is discovered to be inaccurate or unverifiable pursuant to an investigation under § 1681i(a)(1), then the offending consumer reporting agency shall (i) promptly delete that item of information from the file of the consumer, and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. § 1681i(a)(5)(A).

As discussed above, Plaintiff fails to allege a lawful transfer of his indebted accounts and thus fails to show that any information on Defendants' reports was inaccurate or unverifiable. Defendants therefore had no obligation under § 1681i(a)(5) to correct such information. Furthermore, the Court again finds that this defect cannot be cured by amendment because no amendment would make Plaintiff's purported transfer valid. The Court thus GRANTS Defendants' Motions to Dismiss Plaintiff's claims under Section 1681i(a)(5) with prejudice.

**D. Violation of Nevada Deceptive Trade Practices Act**

Plaintiff alleges that Defendants engaged in deceptive trade practices under the Nevada Deceptive Trade Practices Act ("NDTPA") by "knowingly misrepresenting the character, status, and ownership" of the accounts that Plaintiff alleged to have transferred to the United States. (Compl. ¶ 33).

The NDTPA outlines an array of conduct that constitutes a "deceptive trade practice." *See* NRS 598.0915. However, the NDTPA only applies to transactions involving goods and services. *Gage v. Cox Commc'ns, Inc.*, No. 2:16-cv-02708-KJD-GWF, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017). This district has previously found that disputes in credit reporting

are not transactions involving goods and services and are therefore not covered under the NDTPA. *See Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1014. Further, amendment cannot change the underlying nature of this action to enable it to be covered under the NDTPA.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss this claim with prejudice.

**E. Defamation under Nevada Law**

Finally, Plaintiff's fifth claim alleges that his credit reports furnished by Defendants constitute defamatory statements under Nevada common law. (Compl. ¶ 38). Further, Plaintiff argues that the statements were not privileged under Nevada law, and, in the alternative, if they were that the statements were made with malice or willful disregard for the truth. (*Id.* ¶ 39).

In devising the FCRA, drafters considered the scheme a substitute for ordinary defamation claims against credit reporting agencies. The FCRA states that "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). This limitation of liability provision preempts and prohibits Plaintiff's claims for ordinary defamation.

Plaintiff also fails to allege sufficient facts to show malice or willful intent to injure. The first and only point in Plaintiff's complaint alleging that Defendants' conduct was malicious or willful is in the recitation of the defamation claim, where he conclusorily states that "[the publication,] if privileged, was made with actual malice or willful disregard for the truth." (Compl. ¶ 39). FRCP 12(b)(6) requires "more than labels and conclusions"; legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, because Plaintiff fails to allege any supporting facts for a finding of malice or willfulness, and because the ordinary defamation claim is preempted, he fails to state an actionable claim for defamation.

Further, the Court again concludes that leave to amend would be futile. As discussed above, Plaintiff's claims of inaccurate reporting are premised on facially invalid transfers of indebted accounts to the United States. Amendment cannot make these transfers valid and cannot substantiate a claim for malicious defamation.

Accordingly, this Court GRANTS Defendants' Motions to Dismiss this claim with prejudice.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendant Experian's Motion to Dismiss, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Equifax and Trans Union's Motion to Dismiss, (ECF No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims are **DISMISSED with prejudice**.

The Clerk of Court is kindly directed to close this case.

**DATED** this 15 day of September, 2026.

Gloria M. Navarro, District Judge
United States District Court